**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-40945
(Summary Calendar)

CLAUDE E. JOINER,

Plaintiff-Appellant,

versus

DIRECTOR TDCJ-ID; WAYNE SCOTT, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; UNIDENTIFIED DISHONG,
WARDEN, HODGE UNIT,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:95-CV-707

February 16, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Claude E. Joiner, Texas inmate #594355, appeals the dismissal of his civil rights suit filed

pursuant to the Religious Freedom Restoration Act of 1993 ("RFRA") as frivolous under 28 U.S.C.

§ 1915. Joiner is a practicing Muslim and argues that his First Amendment right to the freedom of

religion is being violated by the prison's refusal to permit him to possess Arabic language tapes and

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a cassette tape player in his cell. He further maintains that he was denied his tapes because the chaplain does not like the Muslim leaders Joiner is following.

In reaching her decision to dismiss the claim, the magistrate judge cited, among other cases, Muhammad v. Lynch, 966 F.2d 901 (5th Cir. 1992). The magistrate judge noted that this court rejected inmate Muhammad's equal protection claim that he should be allowed to possess religious tapes and a tape player in his cell. Muhammad, 966 F.2d at 903. In that case, Muhammad contended that other Texas Department of Criminal Justice ("TDCJ") inmates who were housed in different units than his own were allowed to possess tape players and religious cassettes in their cells. Testimony to such effect was offered by various inmates at Muhammad's evidentiary hearing. The magistrate judge in the instant case determined that the issues presented by Joiner had been fully explored in Muhammad and other past litigation.

A district court may dismiss an in forma pauperis complaint as frivolous if it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31-34 (1992). A complaint is legally frivolous if it is based on an "indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A § 1915(d) (now (e) (2) (B) (I)) dismissal is reviewed for abuse of discretion. Denton, 504 U.S. at 33-34.

Joiner contends that although inmates are permitted to teach one another Arabic, none is fluent enough to properly instruct him. He argues that the prison has failed to show penological objectives for not allowing him the tapes, and that it has failed to employ the least restrictive means of achieving any compelling interest in denying him the tapes. The Supreme Court declared the RFRA unconstitutional because it contradicted the principles necessary to maintain the separation of powers and federal balance. City of Boerne v. Flores, 117 S.Ct. 2157, 2172 (1997). Joiner does not

2

address the Supreme Court's decision in <u>City of Boerne</u>. Prior to the passage of the RFRA, restrictions on the practice of religious beliefs had to be "reasonably related to legitimate penological interests." <u>Muhammad</u>, 966 F.2d at 902 (footnote omitted).

The prison has not articulated a legitimate penological interest in restricting the tape player and religious cassettes. A hearing was conducted pursuant to <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985), in which the prison warden testified that prison policy typically prohibits inmates from possessing tape players or cassettes in their cells. He did not indicate a reason for this policy. Moreover, the <u>Muhammad</u> case indicates that prisoners in the same system as Joiner are permitted tape players for various reasons. The <u>Muhammad</u> court, in part, addressed a claim factually similar to Joiner's, but *only* in the context of a potential equal protection violation. Joiner maintains that his First Amendment right to the freedom of religion is being violated by the prison's refusal to permit him to possess the cassettes and tape player in his cell. Joiner's contention that <u>Muhammad</u> is not controlling is thus valid. Unlike Joiner in this case, Muhammad did not invoke evaluation of his claim under the "legitimate penological interest" standard set forth by the Supreme Court in <u>Turner v. Safley</u>, 482 U.S. 78 (1987) and <u>O'Lone v. Estate of Shabazz</u>, 482 U.S. 342 (1987). Because the instant claim is distinguishable from that of the inmate in <u>Muhammad</u>, Joiner's suit is not without an arguable basis in law and the dismissal of his suit as frivolous was an abuse of the court's discretion. <u>See</u> <u>Denton v. Hernandez</u>, 504 U.S. 25, 31-34 (1992).

The dismissal is VACATED and the case REMANDED for further proceedings.

3